BISHOP'S RESIDENCE COMPANY v. HUDSON, *Collector*, *Appellant.*

Taxation: EXEMPTION: PURPOSES PURELY CHARITABLE: BISHOP'S RESIDENCE. Premises kept and maintained as a residence, in the city of St. Louis, for the use and occupancy of the bishops of the Methodist Episcopal church of the United States of America, who may from time to time be located in said city, and subject to the uses and discipline of said church, as from time to time authorized and declared by the general conference of said church, are exempt from taxation under Revised Statutes, section 6659, exempting property from taxes when used for purposes purely charitable.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

.AFFIRMED.

*Leverett Bell* for appellant.

(1) The property in question is not exempt from

taxation. The state constitution provides, in section 6, of article 10, that "lots in incorporated cities, to the extent of one acre, with the buildings thereon, may be exempted from taxation when the same are used exclusively for religious worship, or for purposes purely charitable ; provided, that such exemptions shall be only by general law." By section 7, following section 6, above referred to, it is provided that all laws exempting property from taxation, other than the property enumerated in section 6, shall be void. By section 6659, the property included in section 6, of article 10, of the constitution, and above referred to, is exempted from taxation for state, county, and local purposes. The question is, whether, under the constitutional and legislative enactments above specified, the bishop's residence in St. Louis, is exempted from taxation. It is clear that it is not property " used exclusively for religious worship." *Vail v. Beach*, 10 Kan. 214. (2) Nor is the property used " for purposes purely charitable." It would seem that if the framers of the constitution of 1875 had intended that a parsonage should be exempted from taxation they would have said so in speaking of a church, and would have extended exemption to it, and the fact that they refrained from including, by express terms, a parsonage in the section exempting a church from taxation, is a strong argument against the proposition contended for by the plaintiff in this case.

*Taylor & Pollard* for respondent.

(1) Under the facts alleged and proved, we maintain that the property in question is both held and " used for purposes purely charitable," therefore, exempt from taxation. Const. of Mo. art. 10 ; R. S., sec. 6659. (2) This is a remedial statute, and as such should be liberally construed. 1 Kent Com. *465. (3) It is also a statute of exemptions, hence should be liberally con-

strued. . Thompson on Homesteads and Exemptions, secs. 4 and 731. (4) The statute, 43 Elizabeth, relating to charitable uses, is in force in this state. *Chambers v. City of St. Louis*, 29 Mo. 583. (5) Decisions under. the statute, 43 Elizabeth, concerning charitable uses, define what purposes are purely charitable ; hence, attention is called to some of these to show that this property falls within the class of property exempt. *Girard Will Case*, 2 How. 128 ; *Price v. Maxwell*, 28 Pa. St. 35 ; *Going v. Emory*, 16 Pick. 107 ; *Jackson v. Phillips*, 14 Allen, 555 ; *State ex rel. v. Powers*, 10 Mo. App. 265 ; Perry on Trusts [ 2 Ed.] sec. 701, and cas. cit. ; *Bethel v. King*, 12 Mass. 537 ; *Fairbanks v. Lamson*, 99 ¦Mass. 533 ; Bispham's Principles of Equity [3 Ed.] secs. 119 and 122 ; *Cory Universal Society v. Beatty*, ¦28 N. J. Eq. 570 ; *Sohier v. St. Paul's Church*, 12 Met. 250 ; Boyle on Charities, 39 and 40 ; *Attorney General v. Bishop of Chester*, 1 Brown's Ch. R. 444 ; *Attorney General v. Corporation of Exeter*, 2 Rup. 45. (6) Even if the property in question was not exempt from taxation, still these tax bills are void, because not assessed in the name of the owner. Neither the land list nor the tax bills¦contain the name of the owner, or the name of any previous owner of the land, notwithstanding the fact that plaintiff's title was duly recorded as early as April 17, 1875, in the office of the recorder of deeds of the city of St. Louis. R. S., sec. 6706 ; Sess. Laws of 1881, 182 ; *Hubbard v. Gilpin*, 57 Mo. 441 ; *City of Jefferson v. Mock*, 74 Mo. 61. (7) The protection of charitable trusts has always been a subject for the jurisdiction of courts of equity. *State ex rel. v. Powers*, 10 Mo. App. 263 ; *Gymnastic Society v. Hudson*, 12 Mo. App. 342 ; s. c., 85 Mo. 32. Injunction is a proper remedy in all cases of illegal taxation on real estate. *Bank v. City of Kansas*, 73 Mo. 559 ; *Gymnastic Society v. Hudson*, 85 Mo. 32.

NORTON, C. J.—This is a proceeding in equity to enjoin defendant, as collector of the city of St. Louis, from instituting suits to enforce the payment of certain tax bills, for the years 1881, 1882, and 1883, assessed upon lot 11, and east half of lot 12, of block 12, in Stoddard's addition, and also known as block 1023, of the city of St. Louis.

It is alleged in the petition that plaintiff organized as a corporation in the year 1875, under article 8, chapter 37, Wagner's Statutes, that being the law then in force relating to benevolent or charitable corporations; that the object of the corporation was to raise a fund and purchase a lot, and erect thereon a suitable parsonage, for the use and occupancy of such bishops of the Methodist Episcopal church as might, from time to time, be designated to reside in the city of St. Louis; that the sole object and aim of said church is to promulgate and advance the Christian religion, in this and foreign lands, and said parsonage was intended to be used as a residence of the bishops of said church, who are ministers of the gospel and general superintendents over the various churches in this and other countries connected with said church, and that the entire life and labor of such bishops are given exclusively in building up the societies of said church, preaching the gospel, and administering the sacraments.

It is further alleged that, after its organization, the corporation, by voluntary subscriptions, purchased the real estate above mentioned, and that the deed thereto vests the title in plaintiff, and contains the following declared trust: "In trust, that said premises shall be kept and maintained as a place of residence, for the use and occupancy of the bishops of the Methodist Episcopal church of the United States of America, who may from time to time be located in the city of St. Louis, subject to the uses and discipline of said church, and from time

to time authorized and declared by the general conference of said church;" that, soon after said purchase, plaintiff, by charitable contributions, erected thereon a residence, which, ever since, has been occupied as the residence of Bishop Bowman, a bishop of said church, designated by the general conference of said church to reside in said city; that neither plaintiff, nor any one else, receives rent or other compensation for such occupancy.    It is then averred that by reason of said facts, said property is exempt from taxation, but that, notwithstanding, the board of assessors of the city of St. Louis did assess said property, in the name of the "Methodist Episcopal Church," which is not the true owner, for the years 1881, 1882, and 1883; that said tax bills are a cloud on plaintiff's title; that defendant, as collector, is threatening to enforce said tax bills as a lien upon said property, by suit, from the doing of which the court is asked to perpetually restrain him.

The answer of defendant is a general denial, and on trial, the court rendered judgment for plaintiff, in conformity with the prayer of the petition, from which the defendant has appealed.

By section six, article ten, of the constitution, the legislature was authorized to pass section 6659, Revised Statutes, exempting from taxation, for state, county, and local purposes, all property used for purely charitable purposes, and as the allegations of the petition, as above set forth, are sustained by the evidence introduced on the trial, the controlling question raised by the record is, whether the property in question is used for such a purpose.    While the courts have been at a loss to give a general definition of a charitable use, embracing all gifts, grants, and devises, for charitable uses, the following authorities establish the proposition that the purpose to which the property in question is devoted is a charitable use, and is, therefore, under our statutes, exempt from the taxation sought to be enforced against it.

In sections 119 and 122, Bispham's Equity, in speaking of what are charities, it is said: "Gifts for repairing a church, for building an organ gallery, for repairing a parsonage, for the worship of God, for the advancement of Christianity among the infidels, for the dissemination of the gospel, for the benefit of ministers of the gospel, are good charities."

In section 1164, Story's Equity, it is said, money given to maintain a preaching minister is a charity, within the equity of the statute of Elizabeth concerning charities. So, in section 701, Perry on Trusts, it is said, gifts for the benefit of ministers of the gospel are charities.

Gifts for repairing parsonage houses, for maintaining preaching ministers of the gospel, have been held to be charities in the following cases: *Sohier v. St. Paul's Church*, 12 Met. [Mass.] 250; *Attorney General v. Bishop of Chester*, 1 Brown, 444; *Trustees of Cory Universalist Society v. Beatty*, 28 N. J. Eq. 570; *Price v. Maxwell*, 28 Pa. St. 23.

In the case of *Schmidt v. Hess*, 60 Mo. 591, decided previous to the adoption of our constitution, it is held that a voluntary grant to a church, of land, as a place for interment of the dead, was a charity, and was enforced as such.

If a gift for repairing a parsonage, as is held by the authorities herein cited, is a charity, it follows that a gift for erecting and maintaining one for the benefit of an indefinite number of preachers of the gospel, as in this case, viz: "such bishop or bishops as may be designated to reside in St. Louis, from time to time, shall be permitted to occupy the same free of rent," is no less a charity.

For the reasons given, the judgment of the circuit court is hereby affirmed. All concur.