FARMERS AND MERCHANTS BANK OF JAMESPORT, Plaintiff, v. E. B. ROBINSON AND THOMAS V. YATES, Executor, Appellants; CHARLES H. LONGFELLOW et al., Trustees, Respondents.

### Kansas City Court of Appeals, November 3, 1902.

1. **Gifts:** PERPETUITIES: CHARITIES. A gift, perpetual in the sense that it is inalienable, is not a perpetuity if it is for the support of a charity.

2. ———: CONTINGENCY: CONDITION: REMAINDER OVER. A gift discussed in the opinion is held not to be dependent upon a future contingency, since the condition stipulated for has been complied with; and further, it is not a gift *in praesenti* to one person with a remainder over.

3. ———: ———: SUPPORT OF MINISTER. A gift for the perpetual support of a Christian minister for a church is for the support and spread of Christian teaching and enlightenment, and is a broad charity.

4. **Equity:** PARTIES: INTERPLEADER: PRACTICE. A donor made a gift to the trustees of a church and to accomplish the gift he assigned them a certificate of deposit for a larger amount, some of them paying him the difference. A bill of interpleader was

brought by the bank against the trustees, the donor's executor and other claimants of the fund. *Held*, that it is immaterial to the executor and other claimants that the trustees held the certificate in part as trustees and in part to reimburse themselves individually, since equity is rarely defeated by mere matter of form.

5. ———: ———: ———: ———. It appeared that one of the trustees paid nothing and that a person not a trustee paid part of the excess of the certificate to the donor, and he was not made a party to the suit. *Held*, he was not a necessary party. That the failure of the answer to aver the necessity of his being made a party waived a demurrer for non-joinder of parties, and that it is no concern of the executor and other claimants that he has an interest in the certificate.

6. Witnesses: DEATH OF PARTY: SUFFICIENT EVIDENCE: HARMLESS ERROR. Since there was sufficient evidence to support the finding without the evidence of a witness whose testimony was objected to on the ground that the other party was dead, such objection is immaterial.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander*, Judge.

Affirmed.

*W. G. Callison* and *J. T. DeVorss* for appellants.

(1) Under the evidence of the respondents themselves, they, C. H. Longfellow and others, are not the real parties in interest and, hence, can not maintain this action. Draper v. Minor, 36 Mo. 290; Douthitt v. Stinson, 63 Mo. 278; Lilly v. Menke, 126 Mo. 190; Wilson v. Polk County, 112 Mo. 126; Bliss on Code Pleading (1 Ed.), sec. 409; State to use v. Matson, 38 Mo. 489; Whittelsey's Practice, sec. 158. (2) The instrument relied on by respondents, marked "Exhibit B," creates on its face a trust in perpetuity not for a charitable use. 2 Story Equity (10 Ed.), secs. 1160, 1183, 1193, 1194; Story's Equity (10 Ed.), 1158, 1164; Robb v. Reed, 5 Rawle 151; Swift v. Eaton Society, 74 Pa. St. 362; Att'y-Gen. v. Meeting House, 3 Gray 44-52; Douthitt v. Stinson, 63 Mo. 268; McHugh v. McCole, 32 L. A. R. 627-629; 40 Id. 717, 719; 3 Am. and Eng.

Ency. of Law, p. 135; Lilly v. Toben, 103 Mo. 486. (3) These church trustees seek to recover the sum of $3,000, to be held by them as such trustees under terms of contract with Robinson, deceased, in perpetuity, and the same persons are seeking as individuals to recover the additional sum of $432.42, not a part of the trust fund of $3,000, for their own use. R. S. 1899, sec. 593; Bliss on Code Pleading (1 Ed.), sec. 412; Kabrich v. Ins. Co., 48 Mo. App. 393; Robinson v. Rice, 20 Mo. 230; Mertens v. Loewenberg, 69 Mo. 208; Liney v. Martin, 29 Mo. 28. (4) Each of the responding church trustees, as well as the witness Rev. J. W. Caughlin, was incompetent to testify as to any contract or dealings with John Robinson, now deceased tending to show their right to recover any amount in excess of $3,000, said Robinson now being dead. R. S. 1899, sec. 4652. (5) The court should have given appellant's instruction in the nature of a demurrer at the close of the testimony. (6) The court should not have applied the doctrine of *cy pres* in this case as it evidently did. 3 Am. and Eng. Ency. of Law, p. 133; Bouvier's Dictionary (14 Ed.), 418-419.

*Hall & Hall* for respondents.

(1) An objection that there is a defect or misjoinder of parties, or a misjoinder of causes of action, must be made either by demurrer or answer. Anderson v. McPike, 41 Mo. App. 328; Donahue v. Bragg, 49 Mo. App. 273; Stewart v. Gibson, 71 Mo. App. 232; Smelter Co. v. Fire Ins. Co., 71 Mo. App. 658; R. S. 1899, sec. 602. (2) Appellants by pleading over after their demurrer was overruled, waived the defects. State to use v. John Finn, 19 Mo. App. 650; Highly v. Noell, 51 Mo. 145; Ware v. Johnson, 55 Mo. 500; State v. Sappington, 68 Mo. 457. (3) This was a gift to the interpleading defendants, C. H. Longfellow and his associates as trustees, in trust for a charitable use or purpose. 1 Woerner's Am. Law of Adm. (1 Ed.), sec. 429; State ex rel. v. Powers, 10 Mo. App. 266; Bishop's

Residence Co. v. Hudson, 91 Mo. 671; Ould v. Hospital, 95 U. S. 303, 24 L. C. Ed. 450; Duke v. Fuller, 9 N. H. 536, 32 Am. Dec. 392; Phladelphia v. Masonic Home, 160 Pa. St. 372, 40 Am. St. Rep. 736; Fire Ins. Patrol v. Bogel, 120 Pa. St. 504, Am. St. Rep. 726, opinion 750, 751; Barkley v. Donnelly, 112 Mo. 571; Lilly v. Tobbein, 103 Mo. 486; Historical Society v. Academy of Science, 94 Mo. 459; 5 Am. and Eng. Ency. of Law (2 Ed.), p. 920. (4) The law against perpetuities does not apply to charities or to charitable trusts. 1 Woerner's Am. Law of Adm. (1 Ed.), p. 919, sec. 429, par. 1; Academy of Visitation v. Clemens, 50 Mo. 172; Goode v. McPherson, 51 Mo. 126; Ould v. Washington Hospital, 95 U. S. 303, 24 L. C. 450; Mills v. Davison, 54 N. J. 659, 55 Am. St. Rep. 594; Philadelphia v. Girard's Heirs, 45 Pa. St. 9, 84 Am. Dec. 470; Jones v. Habersham, 107 U. S 174, 27 L. C. 406; Perin v. Carey, 24 How. 465, 508, 16 L. C. 708; In re Walkerly, 108 Cal. 627, 49 Am. St. Rep. 97, note 127; Perry on Trusts, sec. 384; Grey on Perpetuities, sec. 590.    (5) The respondents were trustees of a religious, charitable association and had no pecuniary interest in the gift, and were therefore competent witnesses. 1 Greenl. on Ev. (Redfield's 12 Ed.), sec. 409, p. 450; sec. 411, p. 451; sec. 416, p. 455; 29 Am. and Eng. Ency. of Law (1 Ed.), pp. 535, 537, 539; McLaughlin v. Administrator, 16 Mo. 249; Bates v. Forcht, 89 Mo. 121; Thompson v. Ish, 99 Mo. 177; Maddox v. Maddox, 114 Mo. 49; Banking House v. Rood, 132 Mo. 256; Kuhn v. Life Ins. Co., 71 Mo. App. 305; Mason v. Thacher, 7 Mass. 398; Trapnall v. Burton, 24 Ark. 373; Gilpen v. Vincent, 9 Johnson's Reports 219.    The statute is enabling and not disabling and respondents being competent at common law to testify, they are still competent.    Bank v. Slattery's Admr., 166 Mo. 620; Bates v. Forcht, 89 Mo. 121. (6)    As this is a proceeding on the equity side of the court, the overruling of appellants' objections to respondents Longfellow and Hamilton testifying was not prejudicial to appellants, because the court will review the whole case and affirm the judgment if for the right

party. Bank v. Slatter's Admr., 166 Mo. 620; Lins v. Lenhardt, 127 Mo. 280. Notwithstanding this, however, this court should defer to the result reached by the trial court, as the testimony was largely oral. Lins v. Lenhardt, 127 Mo. 281; Allen v. Logan, 96 Mo. 598.

ELLISON, J.—John Robinson died in September, 1900, leaving some grown children and some infant grandchildren. He also left a will with T. B. Yates as executor disposing of his property to these children and grandchildren. After he executed the will he gave portions of his property to some of the children, and after that he gave to the Methodist church $3,000 on deposit in a bank at Jamesport. After his death E. B. Robinson, one of the heirs, Yates the executor and the trustees of the church, each claimed the money of the bank. In this condition of affairs the bank filed its bill in the circuit court, setting up the facts in a general way and asking that it be allowed to pay the money into court and that the three claimants thereto be required to interplead therefor. The court made the necessary orders as requested and these separate parties filed their interpleas. The trial court heard the evidence and found that the church was entitled to the money and entered a decree accordingly.

The evidence showed the deceased to be over eighty years old at the time he made the gift to the church and at the trial there was much said about his being incapable of disposing of the money and of undue influence and the like. But as it appeared that he was of sound mind and abundantly capable of managing his affairs and disposing of his property, that part of the case is practically abandoned in this court and questions of law are all that we need consider. The gift to the church was made in the following manner. The deceased had a time certificate of deposit of $3,282.14 issued to him on the first of February, 1900, by the Farmers & Merchants Bank of Jamesport which drew four per cent interest from its date. He resolved on giving $3,000 to the church to the end that it might

"keep and support a pastor." To do this, he executed the following assignment on the back of the certificate: "Assigned to the trustees of the M. E. Church, Aug. 30, 1900. John Robinson."

And at the same time he executed the following written paper:

"Know all men by these presents, that I, John Robinson, of the county of Daviess and State of Missouri, being desirous of assisting the Methodist Episcopal church of Jamesport, in said county, to keep and support a pastor, do hereby assign, transfer and set over to C. H. Longfellow, G. E. Bushfield, J. W. Hamilton, A. Cropper, J. C. Mundell, trustees of the Methodist Episcopal Church of Jamesport, Missouri, and to their successors in office as such trustees, the sum of three thousand dollars, a part of a certain certificate of deposit for $3,282.14 issued by the Farmers and Merchants Bank of Jamesport, Missouri, due and payable on the first day of February, 1901, bearing interest thereon, which interest will amount at maturity to the sum of $131.28, or the total sum of $3,413.42, on this condition, however, that said sum of money received on said certificate of deposit shall be forever kept and maintained by said trustees as a separate and permanent fund, the interest and increase from which shall be used and expended solely and only for the support and payment of the salary of pastor of said church, appointed by the proper authorities of said charge, and on further condition that said fund shall be loaned at the highest legal rate of interest obtainable, secured by prime first mortgage real estate security of at least double the value of the amount loaned, and if loaned upon town or city property, buildings thereon shall be insured in some reliable company against loss by fire, lightning and tornado in a sum sufficient to safely secure such loan, with mortgage clause attached making the loss payable to the trustees of said church and that no part thereof shall ever be loaned to any of the trustees of said church nor for a longer term than five years.

The above bequest is made on condition that the said church is made and maintained as a station, provided that Ashbrook Chapel be retained until it can be more conveniently placed and it is further specified that this church is to be used exclusively for the benefit of the Methodist Episcopal church.

Witness my hand this thirtieth day of August, 1900.

"JOHN ROBISON."

The principal contention made by the appellants is that the instrument of assignment is void as creating a trust in perpetuity. The respondent's claim that the gift does not fall within the rule against perpetuities, but that it is a charitable use. In our opinion there is no good reason for the claim that the gift is a perpetuity in the sense in which that term is understood in the law. It is a perpetuity in the sense that it is inalienable and therefore must continue perpetual. But the rule against perpetuities is inapplicable to charitable gifts and it has been always so recognized. A gift or conveyance forever inalienable, though to take immediate effect, is generally a perpetuity, yet the rule has never been applied when the beneficiary is a charity. Thus a gift in the following words: "I give unto the Latin School, if any man is possessed of it, that teacheth boys, and is richly grounded in the Latin tongue, the sum of five pounds, to be paid him yearly for teaching and instructing three boys," was held to be a perpetuity, but its charitable nature saved it from the rule of perpetuities and it was enforced as valid. Cheeseman v. Partridge, 1 Atk. 436.

The gift in question is not a remote gift and does not depend upon any future contingency; though it is conditional that the church be made and kept as a station, a condition duly complied with. It is not a gift *in praesenti* to one person or institution with future remainder over to some other person or institution. But it is a direct gift for the support of the pastor of the Methodist church at Jamesport. And, to repeat,

while it is a perpetuity as to time, yet since it is a charitable gift the rule against perpetuities does not apply.

But it is suggested that the gift is not a charity. We, however, think that it is. It is for the perpetual support of a Christian minister, the primary object of which is not the support of an individual, but is for the support and spread of Christian teaching and enlightenment and in such sense is a broad charity. Gifts to pastors have heretofore, in adjudicated cases, been considered charities. Gray on Perpetuities, sec. 681. In this State it has been held that a Masonic lodge building, exclusively as such, was exempt from taxation as being "for purposes purely charitable." Fitterer v. Crawford, 157 Mo. 51. And so was a house to be forever kept as "a place of residence, for the use and occupancy of the bishops of the Methodist Episcopal church of the United States of America who may from time to time be located in the city of St. Louis." Bishops Residence Co. v. Hudson, 91 Mo. 671.

A number of technical objections were taken at the trial. Some of these go to the validity of the gift and others merely to the course of procedure. Passing by the question whether many of these objections have not been waived, we do not consider that there is any merit in either of them. It must be remembered that the case is one in equity and that equity is rarely rendered powerless by mere matter of form. We are, therefore, not in sympathy with the suggestion that there is a defect of parties plaintiff and that they do not show that they are the parties in interest, or that they are all of the parties in interest. The facts which we have set out above show that the deceased wanted to give to the support of a Methodist pastor the sum of $3,000, and that he had a certificate of deposit which, with accrued interest amounted to more than that sum. The mode adopted to accomplish the purpose was quite natural. The trustees of the church who were proper parties to receive the fund, paid to the deceased the excess above the amount of the gift and took an assignment of the certificate by the indorse-

ment on the back thereof and the separate written assignment set out above.   Without further explanation the indorsement on the back of the certificate appears to assign the whole amount thereof to the trustees of the church, while the separate paper only assigns three thousand dollars thereof.   But the two assignments, taken together, with the accompanying explanation of how it was accomplished, show plainly what was done and what was intended, and it is altogether unreasonable to suppose that there is any difficulty in the way of a court of equity, in a proceeding like this, in its adjustment of the rights of the trustees who advanced the excess, and of the church, to the principal sum. One thing is certain, as found by the court; these appellant interpleaders have no interest in the money whether of the principal sum or the excess, and no harm can come to them by the course adopted at the trial.   It can make no sound or substantial difference, in equity, that a part of the certificate was held by the trustees as such and a part to reimburse themselves individually.

But it seems that Cropper, one of the trustees, did not join in procuring the money with which to pay the excess to deceased, and that Coughlin, who was not a trustee, did so join in procuring it, and the latter is not a party to this proceeding.   If it was necessary to have him made a party these objectors should have made some effort in that direction by answer, their demurrer for that cause being waived by the answer.   But there was in reality no necessity for his being a party.   If he aided in getting the money for payment of the excess, he did it for the trustees, and whether he is finally worsted in the transaction ought to be more of a cause of anxiety to him than to appellants, since it can not affect them.   This proceeding is in its nature and in its facts quite different from the case in partition of Lilly v. Menke, 126 Mo. 190, where the court, recognizing the rule generally, that defect of parties was a defect in proceedings which could be waived by the parties litigant, yet held that such rule

did not apply to cases in partition where all parties in interest must necessarily be made parties. In such case each party interested in the partition is interested in an effected partition, which can not be had unless all interested are brought into court. But here we have a case where the trial court has properly found that the objectors are not interested in the fund and that they have no concern with it. It is not necessary to pursue the subject further, since, in our view, Coughlin was not a necessary party.

The facts heretofore set out show that trustees Longfellow and Hamilton were witnesses and permitted to testify over the objection of the executor. No exception was taken to Longfellow, but exception was taken to Hamilton testifying. The evidence aside from that of Hamilton so abundantly justifies the conclusion of the trial court, that we need not decide whether Hamilton's testimony should have been heard. The question of admissibility of testimony of a party in partial interest, the other party being dead, is sometimes and in some conditions, a difficult one (Banking House v. Rood, 132 Mo. 256); but, as we have just said, we need not enter into a decision of the point here, since, apart from that to which exception was taken, we would come to the conclusion reached below. The point is, therefore, immaterial.

We do not wish to convey the idea by an expression used in the first part of this opinion that appellants had waived the point of deceased's capacity and of undue influence. But it has not been insisted upon with that same urgency as other points. And we think counsel were right in this, as we consider there would have been no just ground for holding that deceased was without legal capacity to make the gift at the time it was consummated.

After careful examination of the whole record, together with a consideration of appellants' oral and written arguments, we have concluded, without setting out in detail all suggestions offered, that no cause ex-

ists for interference, and the judgment will, therefore, be affirmed. All concur.