## SUPREME COURT.

JACOB H. GUMBLE and another, executors of the last will and testament of GUSTAVE C. BRAUM, deceased, agt. CAROLINE M. PFLUGER and others.

*Bequest to charitable uses — Discretion vested in executors as to choice of beneficiary — Parties.*

The testator, in his will, directed his executors "to apply" a portion of his estate "to such charitable institutions, which are under Protestant management, as my said executors, or a majority of them who may act as such, may choose:"

*Held* (in this action to test the validity of this clause), that, though the question is one of difficulty, the bequest is valid, and should be enforced

according to the directions of the testator; and the charitable institutions chosen by the executors from the class designated should be brought in as parties defendant (*Power* agt. *Cassidy*, 79 *N. Y.*, 327, *applied*).

*Special Term, August,* 1881.

*William Bliss,* for plaintiffs.

*F. F. Marburry,* for defendant.

VAN VORST, *J.* — By the eighteenth clause of his last will and testament, the testator, Gustave C. Braum, directs his executors to sell all his chattels and personal effects, and he authorizes and directs them " to apply " the proceeds thereof, and all the rest, residue and remainder of his estate, after the payment of legacies for which specific provision had been made "to such charitable institutions, which are under Protestant management, as my said executors, or a majority of them who may act as such, may choose."

The plaintiffs, the executors, have commenced this action to obtain the judgment of this court as to the construction and validity of this portion of the will, and ask the " advice and direction " of the court as to their duty in the premises.

It must be admitted, " *in limine,*" that the objections interposed by the learned counsel for the defendants suggest doubts with respect to the validity of these general directions, and this unbounded authority to the executors, by which his benevolent intentions towards charitable institutions under Protestant management, without limit as to locality, is sought to be effectuated.

The executors have themselves been in so much doubt and hesitancy that they have hitherto refrained from positive action, and have felt constrained to bring this suit. The testator, while living, could have directly given his money to advance the charitable purposes of any institution of the general class above described, wheresoever it might be situated. Instead

of doing that he has seen fit to constitute the executors under his will his trustees and agents, and the almoners of his bounty, with authority to apply the funds he has placed under their control to any charitable institutions under protestant management as they may elect. It is objected that there is no charitable institution in this, or any other country, which could, through a court of equity, compel the execution of the trust or discretion lodged in the executors in its favor.

The substance of the objections is that courts of equity carry trusts into effect only when they are of a certain and definite character, and that when a trust is created in terms so vague and indefinite that a court of equity cannot clearly ascertain its objects, or the persons who are to take, then the trust will be held entirely to fail, and the property will fall into the general fund of the creator of the trust (*Story Eq. Juris.*, secs. 964, 979 ; *Holmes* agt. *Mead*, 52 *N. Y.*, 332). Similar objections were raised and considered in the case of *Power* agt. *Cassidy* (79 *N. Y.*, 327 ; *S. C.*, 16 *Hun*, 294). It is urged on behalf of the executors that this case is brought directly within the principle announced in *Power* agt. *Cassidy*, and that for the reasons there assigned the present bequest must be upheld.

I have carefully considered this subject and have reached the conclusion, not, however, without some hesitation, that the plaintiff's contention must prevail. It is true that in *Power* agt. *Cassidy* there was a limitation as to place. Charitable and religious institutions in New York only could take anything under the will of Power ; and in that action it appeared by the pleadings that the trustees had already executed the trust to the extent, at least, of determining what particular societies in the city of New York should participate in the fund set aside for charitable and pious purposes.

In that case it was urged, and in the early decisions therein some prominence was given to the fact, that the limitation imposed by the testator as to the locality from which the beneficiaries were to be selected avoided the objection as to

Gumble agt. Pfluger.

indefiniteness or vagueness. But, upon reflection, I cannot conclude that this latter fact, of partial limitation, is controlling. Upon a careful examination of the opinion pronounced by the court of appeals, I do not find that the fact of the limitation to the city of New York influenced the decision.

The purposes of the testator, and the object of the trust, are quite as clearly announced and pointed out in the present case as they were in *Power* agt. *Cassidy,* and in both cases the testators designated a class of institutions reasonably well defined from which a selection was to be made.

In the one case there is a limitation as to place; in the other no limit as to locality is imposed. But that does not affect the question as to a designation of a particular class. And if the execution of the trust could be enforced in a court of equity in the former, I see no reason why it could not be in the latter case.

That the trustees had made their selection before they were brought into court at the instance of the widow of the testator Power, did not control the decision as to the validity of the trust itself. Such selection only made the task of the court, in giving effect to the testator's will, more simple.

The validity of the testamentary disposition in creating the trust depended upon its terms and its construction; and whether or not it should be enforced, was not dependent upon extrinsic facts or the acts of the executors.

As the moneys had not been paid over by the executors in *Power* agt. *Cassidy* when the action was commenced, the action of the executors in making a selection would have been nugatory, had the trust itself failed to secure the approval of the court.

And upon the authority of that case had the plaintiffs in this action made their selection of some charitable institution or institutions from the class designated by the testator, competent in law to take a bequest, and had they paid over the moneys instead of bringing this action for advice and instruction, I cannot think that their action would have been inter-

Gumble agt. Pfluger.

fered with, but that otherwise, upon the settlement of their accounts such payment would have been allowed as a proper discharge of duty, and as a suitable application of the moneys in their hands, according to the will of the testator.

Upon the hearing it was, however, stated by the learned counsel for the plaintiffs, that the executors had in fact made a selection of one or more societies to whom they desired to pay the money. Nothing is, however, said upon that subject in the complaint. As the plaintiffs seek in this action to close up the whole matter in their hands, including the testamentary directions in this particular, and as that is a matter in which the defendants are concerned, the institutions selected to receive the moneys should be brought in as parties to this action, and evidence should be adduced as to their competency in law and under the will to take the money set apart to them respectively. The will speaks of institutions. A selection of one only would not answer the terms of the bequest. More than one should be chosen. The conclusion reached is that the bequest in question is valid, and should be enforced according to the directions of the testator. But it is directed that the case stand over until the third Monday of October next, to enable the plaintiff in the meanwhile to bring in as parties defendant the charitable institutions chosen by the executors, from the class designated by the testator, when the case will be disposed of upon the principles above suggested.