## METHODIST EPISCOPAL CHURCH OF UNITED STATES OF AMERICA v. WALTERS et al.

### No. 713.

District Court, W. D. Missouri, W. D.
Dec. 14, 1928.

A. J. Colt and Leslie J. Lyons, both of Kansas City, Mo., for plaintiff.

Harvey D. Taylor, of Los Angeles, Cal., Raymond E. Watson, of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is a proceeding for the construction of a will and to secure the annulment of certain deeds to real estate. The property affected by said will and deeds was on the 30th day of April, 1912, owned by Lucy Will Moss. On that date she published and declared her last will and testament, the pertinent provisions thereof being as follows:

"Item 2nd. Having no children or descendants of any child, or children living, I devise, and bequeath unto my husband, William Marion Moss, for and during his natural life, all my property both real and personal, of whatever name and nature, for his own special use, and hereby empower him to sell, and dispose of the same in such manner, and for such purposes as he may see fit, or as I may hereafter direct; especially, in careing for my grave, in a suitable manner, as long as he may live, and for the graves of my father and mother at Humboldt, Kansas, and for my brothers in Union Cemetery, Jackson County, Mo., Cemetery. * * *

"Item 3rd. In case any of my property shall remain unexpended for my said husbands use, at the death of my said husband, I devise and bequeath the same unto Charity connected with the Methodist Episcopal Church of the U. S. subject to the careing for the grave of my said husband, and that of my own, and of any kindred described in Item 2, of this Will."

The testatrix died testate on or about March 15, 1917, and the aforesaid will was duly proved in accordance with law. Notwithstanding the provisions of the will, the beneficiary, William Marion Moss, executed two warranty deeds on October 7, 1918, conveying the property in question to the codefendant, May Belle Walters. These deeds were not filed for recordation until the next day after the death of the grantor, which occurred September 27, 1925.

It was admitted at the trial that no consideration was given for said conveyances, but there was introduced in evidence a paper writing dated October 25, 1917, and signed by the grantor and grantee. This instrument contained the recital that the consideration was "mutual covenants." There was an explanatory recital that the conveyances were "to be effective at once in a limited way, to the extent of enhancing the comfort and enjoyment of both of the parties hereto during our natural lives and for our mutual benefit, and to be absolutely her's at 1st party's demise."

Both parties seek an affirmative decree for the repose of title.

Other pertinent facts will be stated in the course of this memorandum opinion.

 1. Although plaintiff is an unincorporated voluntary association, yet it seeks recovery in this action in the name of the "Trustees of the Methodist Episcopal Church," a corporation formed by authorization of representatives of the unincorporated body on June 1, 1868.

Assuming, but not deciding, that plaintiff may proceed as a voluntary association in the name of its corporate arm, the purposes of such corporation were defined in its charter as follows: "The said Board of Trustees, under their corporate name, shall have power to take and hold by donation, gift, grant, devise, or otherwise, any property, real personal, or mixed, in any State in the United States, in behoof of and for the benefit of the Methodist Episcopal Church, and the same to manage, grant, convey, lease, or otherwise dispose of, and to execute such trust or trusts as may be confided to said corporation—the whole to be under the supervision of, and amenable to, the General Conference."

It is apparent from the foregoing that all property held by the trustees of the church was subject to the control and direction of the church as managed by its chosen representatives.

Section 8, article 2, of the Missouri Constitution is a provision in lieu of the English Statute of Mortmain, which forbids the special incorporation of religious bodies, but permits the formation "under a general law for the purpose only of holding the title to such real estate as may be prescribed by law for church edifices, parsonages and cemeteries."

Section 2262, R. S. Mo. 1919, specially operates upon conveyances of this character so as to pass title out of the trustees into the name of the real beneficiary who will manage it. By operation of such statute the constitutional provision is made applicable which forbids the church holding the title.

Moreover, as decided in Proctor v. Board of Trustees, 225 Mo. 51, 123 S. W. 862, the object of the corporation is purely religious. The court must take judicial notice, as in the Proctor Case, supra, that the Methodist Episcopal Church of the United States is a great and commendable religious organization. The public policy of the state would not permit a mere resident corporation to have privileges not allowed to a domestic corporation. It would follow from the foregoing that the plaintiff is not entitled to recover.

 2. However, there are other reasons prohibiting recovery in this case. The clause of the will relied upon is too vague and indefinite. It says: "I devise and bequeath the same unto Charity connected with the Methodist Episcopal Church of the U. S."

In construing wills, it becomes the duty of this court to employ in such construction the rules and principles followed by the judiciary of the state of Missouri. Harvard College v. Jewett (C. C. A.) 11 F.(2d) 119. Moreover, section 555, R. S. Missouri 1919, emphasizes a general and acknowledged rule of construction to the effect that "all courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them."

 Although no reference was made to a trustee by the testator, yet, under the decision of Buckley et al. v. Monck et al. (Mo. Sup.) 187 S. W. 31, 32, it appears that the trustees in the instant case, as in the Buckley Case, may have instituted and prosecuted the action in their name.

In the Buckley Case the bequest was made "for the use of worn-out preachers in M. E. Church in North Mo. Conference." The court sustained the bequest. In the discussion of the case, however, the court took occasion to say: "It is not every attempted devise or bequest to charitable uses which courts of equity will directly administer. For instance it will not substitute its own jurisdiction for the personality of the testator, by executing a devise to 'charity' or to promote the cause of 'charity' generally."

418

Such a pronouncement was made upon facts very similar to the case at bar. However, the question here under discussion was lucidly determined by Judge Walker of the Missouri Supreme Court in the case of Jones v. Patterson, 271 Mo. 1, 195 S. W. 1004, L. R. A. 1917F, 660. The Patterson Case was stronger than the one at bar because a trustee was named. The provision there under consideration was as follows: "He (husband of testatrix) is to use the income off of this property for his own use and benefit, and at his death, I want it placed in the hands of Clifford Patterson (my nephew) to be used for missionary purposes in whatever field he thinks best to use it, so it is done in the name of my dear Saviour and for the salvation of souls."

The court declared the invalidity of the provision because "there can be no trust over the exercise of which the court will not assume a control, for an uncontrollable power of disposition would be ownership and not trust."

In the instant case there are many charities connected with the Methodist Episcopal Church of the United States, and "the generality of the words employed is such that it cannot be known what class of persons are entitled to the benefit sought to be conferred or what that benefit will consist in. The entire matter is, in fact, left to the wisdom, or it may be the whim or caprice of the trustee. Strong and far-reaching as is the arm of equity in upholding a charity, the one here sought to be created is beyond its grasp."

3. Neither can the court grant affirmative relief to the defendant, May Belle Walters. The will now being construed empowers the husband during his lifetime to sell or dispose of the real estate "for such purposes as he may see fit," but it does not authorize him to give it away. Burnet v. Burnet, 244 Mo. 491, loc. cit. 506, 148 S. W. 872; Tallent v. Fitzpatrick & Kaiser, 253 Mo. 10, 161 S. W. 689; Trigg v. Trigg (Mo. Sup.) 192 S. W. 1011.

It should be stated in the Trigg Case, supra, this principle was acknowledged but found to be inapplicable.

In view of the above, plaintiff is not entitled to recover, and neither is the defendant, May Belle Walters, entitled to affirmative relief.

Plaintiff's bill will be dismissed, and in like manner the cross-action of the defendant, May Belle Walters.