BRANISLAVA BOGDANOVICH, also known as BRANKA BOGDANOVICH, SVETOZAR BOGDANOVICH, also known as LAWRENCE BOGDANOVICH, and VELEMIR BOGDANOVICH, also known as JOHN BOGDANOVICH, a minor, by ARNOLD J. WILLMANN, Next Friend, Appellants, v. GJURO BOGDANOVICH, also known as JURO BOGDANOVICH, Executor of the Estate of LUKA J. BOGDANOVICH, also known as LOUIS J. BOGDANOVICH, Deceased, MARKO BOGDANOVICH, Trustee, THE BANK OF THE CITY OF NEVESINJE, YUGOSLAVIA, THE MAYOR OF THE VILLAGE OF NEVESINJE, YUGOSLAVIA, Alternate Trustees, Respondents, No. 41684—230 S. W. (2d) 695.

Division Two, June 13, 1950.

754

*James J. McMullen* for appellants.

*Edwards, Metcalfe & Strong* and *Thomas S. Buban* for respondent Gjuro Bogdanovich, etc., Executor.

*Bakewell, Bakewell & Cramer* for respondents-intervenors.

WESTHUES, C.—This suit was filed in the Circuit Court of St. Louis County, Missouri, to set aside and cancel a certain trust created by the last will and ·testament of Luka J. Bogdanovich, also known as Louis J. Bogdanovich, deceased. The plaintiffs, Branislava Bogdanovich, also known as Branka Bogdanovich, Svetozar Bogdanovich, also known as Lawrence Bogdanovich, and Velemir Bogdanovich, also known as John Bogdanovich, a minor, by Arnold Willmann, next friend, were the children and only heirs at law of the testator. Gjuro Bogdanovich, also known as Juro Bogdanovich, was named as defendant, since he was named as executor of the estate of Luka J. Bogdanovich, deceased. Marko Bogdanovich, trustee, the Bank of the City of Nevesinje, Yugoslavia, and the Mayor of the village of Nevesinje, Yugoslavia, alternate trustees, asked to and were permitted to intervene and were made defendants. The trial court entered a judgment for the defendants and plaintiffs appealed.

Plaintiffs say that the trust is void because there is no legal entity capable of receiving or enforcing the trust and also the trust is so indefinite, vague, uncertain as to be void. The amount involved is about $40,000. The portion of the will creating the trust reads as follows:

"ITEM FOUR

"All the rest, residue and remainder of my estate, real personal and mixed, and wheresoever situate, I give, devise and bequeath

to my brother, MARKO BOGDANOVICH (who resides at present in Nevesinje, Yugoslavia), as Trustee, for the purpose in this Section of the Will set forth.

"I attended school in the Village of Bijenja, Yugoslavia. The School I attended was a community school, without a name and without religious affiliations. It is my desire that my Trustee shall utilize all of my estate that comes into his hands in erecting on the present site of said school a new school building, the design of which shall be determined by my Trustee, and I direct my said Trustee to utilize the monies coming into his hands in the construction or reconstruction of said school building on the present site of said school. If the money is not sufficient to build a new building, then I desire that it shall be used for the repair and remodeling of the present building. I will appreciate it if the school, as reconstructed, is known as the "Luka Bogdanovich School". I hope that the school shall always remain unaffiliated with any religious group.

 "My Trustee shall have full power and authority to manage and control the funds coming into his hands, utilizing them as soon as practicable in the construction of said building.

"In case my brother, Marko Bogdanovich, predeceases me, or declines to act as Trustee, or is incapacitated so to act, then I. direct that the money that would have been paid to him as Trustee shall be paid to the Bank of the City of Nevesinje, Yugoslavia, as Trustee of said fund to utilize the fund as hereinabove set forth.

"In case neither my brother or the aforesaid bank accepts said trust, then I direct that the money be paid to the Village of Nevesinje, Yugoslavia with directions to said village to utilize said money for the aforesaid purposes.

"A receipt signed by my brother, Marko Bogdanovich, or the Bank of the City of Nevesinje, Yugoslavia, or the Mayor of the Village of Nevesinje, Yugoslavia, shall be an acquittance releasing the Executor from further obligation as to said fund."

A brother of the testator named in the will as executor was called as a witness for plaintiffs. He testified he was born in what is now Yugoslavia in 1906; that he attended the school which was referred to in his brother's will; that he came to this country in 1922; that he returned for a visit to his native land in 1932. He described the .school building and the facilities pertaining thereto. While the evidence has no particular bearing on the merits of the case, it does disclose that there is an urgent need for a new school building or for the remodeling and enlargement of the old structure.

██ Plaintiffs to sustain their contention that the purposes of the trust are vague and uncertain, cite Schmucker's Estate v. Reel, 61 Mo. 592, and Wentura v. Kinnerk, 319 Mo. 1068, 5 S. W. (2d) 66. In the

Schmucker's Estate case the purpose of the trust was not named in the will. Note one of the provisions which was held void for uncertainty. " 'The balance of my property of every description, I give, devise and bequeath to John H. Reel, to apply in charity, according to his best discretion, and I appoint said John H. Reel executor of this, my will.' " So, also in Wentura v. Kinnerk, supra, the residue of the testator's property was given to such charitable uses and purposes as the executor might determine. Such a trust was held void because of uncertainty.

In the case now before us there is no uncertainty. The entire residue of the testator's property, about $40,000, is directed by the will to be spent in constructing a new school building at a designated location. In case the fund be found insufficient to erect a new school structure, then the entire amount is to be used to repair and remodel the present building. It has been frequently held that a gift in aid of education is a valid bequest. 14 C. J. S. 444, Sec. 15; Parsons v. Childs, 345 Mo. 689, 136 S. W. (2d) 327; Burrier v. Jones, 338 Mo. 679, 92 S. W. (2d) 885, 1. c. 888(8, 9). In this latter case this court en banc held the following to be a valid gift in trust for educational purposes: " 'I give devise and bequeath the remaining part of my estate both real and personal to the Macon County Mo, school funds.' " It was there argued that the clause was void for uncertainty and therefore the trust was impossible of execution. This court held there was no ambiguity in the language; that it was clear that the testator intended just what he said: that the balance of the estate should be added to the Macon County school funds. No specific purpose was designated, however, the fund, going to the school district, would be used for the benefit of the patrons of the school. In the case now before us the donor specifically directed the purpose for which the money was to be spent. We see no ambiguity and hence the point must be ruled against plaintiffs.

Neither do we see any merit in the argument that there is no legal entity capable of receiving or enforcing the trust. The political state whatever it may be, now or in the future, charged with the duty of maintaining the school in question has the legal right and duty to enforce the trust for the benefit of the community served by the school.

Plaintiffs cite Jones v. Patterson, 271 Mo. 1, 195 S. W. 1004. In that case the will provided that after the death of the life tenant she wanted the property " 'placed in the hands of Clifford Patterson (my nephew) to be used for missionary purposes in whatever field he thinks best to use it, * * *.' " This court ruled the attempted bequest in trust void for uncertainty. We have no quarrel with that ruling. The nephew under that provision could have spent the fund for any missionary work in any part of the world. No such uncertainty exists in the present case. Here the money must be spent for the benefit of the school children of a certain community.

Not only that, but it must be spent to construct a new building or to remodel the present one.

Plaintiffs also make the point that they are the children of the testator and therefore were not disinherited by the following clause in the will:

"Item Six

"I have three children. They are Branislava Bogdanovich, Svetozar Bogdanovich and Velemir Bogdanovich. I make no bequests to them."

Plaintiffs in their brief say: "The said Item 6 of the testator's will recites the names of his three children. Further than that it accomplishes nothing, and there is no language involved that indicates an intention either to include or exclude. So, as far as his three children are concerned, he died intestate." We cannot agree with that statement. Item six is brief; to us its meaning seems certain. It shows the testator had his three children in mind. He named each and then added, "I make no bequests to them." That clause speaks for itself. Testator expressly disinherited his children.

Evans v. Rankin, 329 Mo. 411, 44 S. W. (2d) 644, cited by plaintiffs, does not rule this question. What the court there held was that if a testator desired to exclude a child from inheriting his estate, he must do so in clear and unambiguous language. The testator in the present case did exclude his children in unmistakable terms. Fitzsimmons v. Quinn, 282 S. W. 37; 26 C. J. S. 1050, Sec. 45c.

We rule that the trial court correctly decided the issues and the judgment should be and is hereby affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.