SYDNEY G. SANDUSKY, Executor, v. JAMES M.
SANDUSKY, Trustee, et al.; RODHAM ROUTT
et al., Appellants.

**Division Two, July 14, 1914.**

1. **WILL: Trust: Gift to Church.** A gift by will to a trustee, for the "purchase, construction, furnishing, maintenance and repair" of certain parsonages and churches, and "for the general advancement of Christianity," is valid.

2. ———: **Void Clause: Residuary Estate.** Where a bequest in a will is declared void, the will is construed as though that item were not in it, and the amount thereof passes under the residuary clause.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Claude Hardwicke* and *H. T. Herndon* for appellants; *W. M. Williams* of counsel.

As to bequest by clause 12 of the will; the will imperatively requires that a portion of the funds go to the trustee for each of the following purposes; purchase of parsonages, furnishing parsonages, maintenance of parsonages, repair of parsonages, construction of church edifices, furnishing church edifices, maintenance of church edifices, repair of church edifices, and the general advancement of Christianity; but the will does not state, nor afford any means of ascertaining, how much or what portion shall go to the trustee for each or any of said purposes; and does not authorize any court, the trustee, or anyone else, to supply the omission by determining how much or what portion shall be for each or any of said purposes. Williams v. Kirshaw, 5 Cl. & T. 111; Heath v. Chapman, 2 Drew, 417; Chapman v. Brown, 6 Vis. 404;

Cramp v. Playfoot, 4 K. & J. 479; Whitlock v. Am. Tract Soc., 109 Mich. 141; Tilden v. Green, 130 N. Y. 29; Lockridge v. Mace, 109 Mo. 162; Kelly v. Nichols, 21 Atl. (R. I.) 906; Andrew v. N. Y. Bib. Soc., 4 Sandf. Sup. Ct. 156; Att'y Gus v. Davies, 9 Ves. 535; Att'y Gus v. Hiuxman, 2 J. & W. 270; Lindberg v. Gwar, 6 Madd. 151; Peck v. Peck, 17 W. R. 1059; 5 Am. & Eng. Ency. Law (2 Ed.), 915. It is evident that the deceased contemplated that a portion of each fourth of the trust fund be used for the general advancement of Christianity. Such portion is not to be for the benefit of any of said religious associations and its use must not be limited to any locality or to any individuals or beneficiaries, but must be general—for the entire universe. A trust for the general advancement of Christianity could not be enforced in Missouri, especially when no one is given authority to select and limit the beneficiaries thereof, and as, by the terms of the will, an indefinite portion of the trust the testatrix attempted to create, was for that purpose, the entire bequest must fail. It is not a question whether the trustee would execute the trust properly, but can he be compelled to execute it properly, and could the court execute it if he should not. Mortu v. Bishop of Durham, 9 Ves. 99; Read v. Williams, 125 N. Y. 560. In England, a bequest for the advancement of Christianity would go to the Established Church. Atty. Gen. v. Pearsons, 3 Mer. 409. But it is not certain that a trust for the general advancement of Christianity would not be held to be void in England, as was a trust for missionary purposes, in Scott v. Browning, 9 L. R. J. 246. In the following cases, trusts have been held to be void for the reason that they could not be enforced and executed by the court, in the absence of express statutory authority therefor: Hadley v. Torsei, 203 Mo. 418; Board of Trustees v. May, 201 Mo. 360; Schmucher v. Rul, 61 Mo. 592; Bridges v. Pleasants, 4 Ind. Eq. 26; White v. Fisher, 22 Com. 31;

Grimes Exc. v. Harmon, 35 Ind. 198; In re Fuller's Will, 44 N. W. (Wis.) 304; McHughes v. McCole, 72 N. W. (Wis.) 631; Gamble v. Triffe, 23 Atl. (Md.) 461; Moran v. Moran, 73 N. W. (Ia.) 617; Pack v. Shauhlin, 27 S. E. (W. Va.) 389; Dashicll v. Atty. Gen., 5 Har. & J. 392, 6 Mich. 1; John v. Smith, 91 Fed. 827, 65 Md. 527; Delaney v. Middleton, 72 Md. 67; Atty. Gen. v. Sonli, 28 Mich. 153; Willets v. Willets, 20 Abb. (N. C.) 471; Tilden v. Green, 130 N. Y. 29; Holland v. Peck, 37 N. C. 255; Greene v. Allen, 24 Turin, 170; Jones v. Greene, 36 S. W. 729; Bristol v. Bristol, 53 Conn. 242; Read v. Williams, 125 N. Y. 560; Greene v. Allen, 24 Tenn. 170; Pritchard v. Thompson, 95 N. Y. 76; Beckman v. Bonson, 23 N. Y. 306. Trusts not for public use are not excepted from the statute of perpetuities, and when the use is limited, as in this case, to bodies whose membership is ascertainable, it is not a public use. Re Clark's Trusts, 1 Ch. D. 497; Carner v. Long, 2 De G. F. & G. 399; Brown v. Dale, 9 Ch. D. 78; Re Dutton, 4 Ex. D. 54; Re Sheridan's Trusts, W. N. 1884, 174; Thompson v. Shakespeare, 1 De G. F. & J. 399; Brown v. Dale, 9 Ch. D. 78. In Missouri all churches are private property—church and State being independent of each other—but if such were not the case, the use in this case is so limited that it could not be deemed a public use, so the bequest must fail as to the indefinite portion intended for maintenance of parsonages and churches; and, as that portion is not ascertainable, must fail *in toto*. In the case of Moran v. Moran, 73 N. W. 617, the opinion of the court is expressed somewhat as in White v. Fiske. See also Heiss v. Murphy, 40 Wis. 276; Wilderman v. Bathy, 8 Mich. 551; Carpenter v. Miller, 3 W. Va. 174; Bridges v. Pleasants, 4 Ind. Eq. 26.

*Ralph Hughes, M. E. Lawson, Simrall & Simrall* and *Sandusky & Sandusky* for respondents.

(1) The statute, 43 Eliz., ch. 4, or its principles which antedated the act, and the *cy pres* doctrine obtain in Missouri. Buchanan v. Kennard, 234 Mo. 134; Chambers v. St. Louis, 29 Mo. 586; Mo. Hist. Soc. v. Academy of Science, 94 Mo. 467; Lackland v. Walker, 151 Mo. 242; Crow ex rel. v. Clay Co., 196 Mo. 234; Academy of Visit. v. Clemens, 50 Mo. 167; Barkley v. Donnelly, 112 Mo. 561; Howe v. Wilson, 91 Mo. 49; Strother v. Barrow, 246 Mo. 249; Stewart v. Coshow, 238 Mo. 675. (4) A bequest to a trustee to support preaching of the gospel, or to erect or repair a parsonage or church edifice, is a gift for the advancement of Christianity. A bequest to a trustee for the advancement of Christianity is a gift for a charitable use and valid; the trustee may make it definite by application. The following cases bear directly upon the validity of clause 12 of will of testatrix, and in many ways pertinently illustrate the law governing this case. Howe v. Wilson, 91 Mo. 49; Bishop's Res. Co. v. Hudson, 91 Mo. 676; Powell v. Hatch, 100 Mo. 592; Barkley v. Donnelly, 112 Mo. 571; Chambers v. St. Louis, 29 Mo. 543; Schmidt v. Hess, 60 Mo. 591; St. George's Ch. Soc. v. Branch, 120 Mo. 239; Strother v. Barrow, 246 Mo. 249; Mott v. Morris, 249 Mo. 147; Stewart v. Coshow, 238 Mo. 673; Far. & Mer. Bk. v. Longfellow, 96 Mo. App. 392; Miller v. Teachout, 24 Ohio St. 525; Saltonstall v. Sanders, 11 Allen, 446; Jackson v. Phillips, 14 Allen, 552; Going v. Emery, 16 Pick. 119; Hinkley v. Thatcher, 139 Mass. 477; Bartlett v. King, 12 Mass. 536; Weber v. Bryant, 161 Mass. 400; McAlister v. Burgess, 161 Mass. 269; Morville v. Fowle, 144 Mass. 109; Minot v. Baker, 147 Mass. 348; Andrews v. Andrews, 110 Ill. 223; Alden v. St. Peter's Parish, 158 Ill. 631; Trafton v. Black, 187 Ill. 36; Frazier v. St. Luke's Hospital, 147 Pa. St. —; Murphy's

Estate, 184 Pa. St. 310; Stevens' Estate, 200 Pa. St. 322; Tyler's Estate, 208 Pa. St. 65; Atty. Genl. v. Wallace's Devisee, 7 B. Mon. 611; Kinney v. Kinney's Ex., 86 Ky. 610; Crawford's Heirs v. Thomas, 54 S. W. (Ky.) 197; Beckwith v. St. Phillips, 69 Ga. 564; Fox v. Gibbs, 86 Me. 87; Simpson v. Welcome, 72 Me. 496; Everett v. Carr, 59 Me. 325; People ex rel. v. Cogswell, 113 Cal. 129; Am. Tract. Soc. v. Atwater, 30 Ohio St. 77; (27 A. R. 422); Mannix v. Purcell, 46 Ohio St. 102; Land Com. v. Wadhams, 11 L. R. A. (Ore.) 210; Howard v. Am. Peace Soc., 49 Me. 302; Dickson v. Montgomery, 1 Swan, 348; Carter v. Balfour's Admr., 19 Ala. 814; Bruere v. Cook, 63 N. J. Eq. 624; Trustees v. Wilkinson, 36 N. J. Eq. 141; St. James Orp. Asy. v. Shelby, 60 Neb. 796; Fay v. Howe, 136 Cal. 599; Bell v. Mercer, 14 R. I. 412; Fuller v. Griffin, 3 Vt. 401; Jones v. Habersham, 107 U. S. 174; Russell v. Allen, 107 U. S. 163; French v. Calkins, 252 Ill. 243; De Camp v. Dobbins, 31 N. J. Eq. 671; Townsend v. Carns, 3 Hare Ch. R. 257; Williams v. First Pres. Soc., 1 Ohio St. 478; In re Stewart, 26 Wash. 32; Kinike's Est., 155 Pa. St. 101. (5) As to a court of equity enforcing the rights of the beneficiaries of the trust. St. James Orp. Asy. v. Shelby, 60 Neb. 796; Moore's Heirs v. Moore's Devisees, 4 Dana, 354; Simpson v. Welcome, 72 Me. 496; Dickson v. Montgomery, 1 Swan, 348; Mannix v. Purcell, 46 Ohio St. 102; Schmidt v. Hess, 60 Mo. 595; Howe v. Wilson, 91 Mo. 45; Beckwith v. St. Phillips, 69 Ga. 564; Sappington v. Trustees, 123 Mo. 41; Miller v. Teachout, 24 Ohio St. 525; Williams v. First Presb. Soc., 1 Ohio St. 478.

ROY, C.—This is a proceeding brought by an executor to construe the will under which he is acting as such executor.

Mary E. Dorsey died September 27, 1908. Her will was duly admitted to probate. The third item of the will is as follows:

"3. I give to my executor, hereinafter named, the sum of one thousand dollars, in trust, however, for the following purposes, to-wit: To be by him loaned out on unincumbered real estate at not more than five per cent per annum, and the interest, less the necessary costs and charges, to be used by him in keeping in repair the monument erected to the memory of my late husband, John S. Dorsey, deceased, and his two wives, and, also in keeping the lot in said 'Fairview Cemetery,' on which said monument stands, in good condition. If at any time there should be an accumulation of interest not needed for the purposes aforesaid amounting to as much as five hundred dollars, then eighty per cent of such interest shall be paid by such trustees to the legatees or beneficiaries named in the residuary clause of this, my will, and as in said clause provided."

The twelfth item of the will being as follows:

"12. I give, devise and bequeath, absolutely, all the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever situate, to James M. Sandusky, in trust to effectuate the following benevolences and charities, to-wit:

"One-fourth thereof, primarily, for the purchase, construction, furnishing, maintenance and repair of a parsonage for the occupancy of such pastors or ministers of the gospel as may from time to time, in their ministerial capacity, serve the association of Christions in Liberty, Missouri, commonly known as 'The Presbyterian Church of Liberty, Missouri,' meaning thereby the congregation now worshiping in the church edifice located at the corner of Main and Mississippi streets in Liberty, Missouri, and for the construction, furnishing, maintenance and repair of a church edifice for said congregation aforesaid, commonly known as 'The Presbyterian Church of Liberty, Missouri;' and, secondarily for the general advancement of Christianity, said parsonage shall be known as 'The Mary Eliz-

abeth Dorsey Parsonage of the Presbyterian Church of Liberty, Missouri;' said charity may be executed by the trustee herein named, or by such trustee or trustees as said congregation may designate to receive said trust fund for said purposes.''

Then followed in said twelfth item separate provisions in favor of the Second Baptist Church, the Methodist Episcopal Church, South, and the Christian Church, all of Liberty, Missouri, in separate clauses, the same in all respects as the clause in favor of the Presbyterian Church, including the words, ''and, secondarily, for the general advancement of Christianity.''

The Second Baptist Church is incorporated under the statute for the purpose of holding the title to ''such real estate as may be prescribed by law for church edifices, parsonages and cemeteries.''

The other churches named are not incorporated, and are represented by trustees appointed in accordance with the regulations of the several churches. All of those congregations of Christians have church edifices, and all have parsonages, except the Baptists.

There was abundance of evidence that each of those churches can make judicious use of its share of the residuary bequest in the ''construction, furnishing, maintenance and repair'' of its church and parsonage. The evidence shows that the net amount of the residuary estate is between twenty and twenty-five thousand dollars. The court by its decree held that the third item of the will is void, and that the $1000 mentioned therein goes under the twelfth item into the residuary estate; and the decree upheld the twelfth item as a valid disposition of the residue.

I. It is hard to see the grounds of controversy in this case. The disposition of the residuary estate un-

**Will: Trusts: Gift for Church.** der the twelfth item of the will is clearly within the lines laid down by the decisions of this court. A gift to repair or build a church is a gift to charitable uses. [St. George's Church Soc. v. Branch, 120 Mo. 226.] A gift for a parsonage is a charity. [Bishop's Residence Co. v. Hudson, 91 Mo. 671.] Gifts for a pious or charitable use are favored by the law. [Strother v. Barrow, 246 Mo. 1. c. 250.]

The provision for the "general advancement of Christianity" does not avoid the bequest. A trustee is provided for who shall determine the particulars as to the application of the fund. *Id certum est quod certum reddi potest.* [Howe v. Wilson, 91 Mo. 45.]

It is vain to say that the church corporation is not authorized by law to hold title to the trust fund. That fund while it remains such, and before it is expended on the church edifice or parsonage, is in the keeping of the trustee. After any part of it is used in constructing, furnishing, maintaining or repairing the church edifice or parsonage, the corporation will be competent, under the law of its existence, to hold the title to such church edifice and parsonage.

II. The trial court adjudged the third item of the will void. There is no appeal by the executor from that decision. The trial court also adjudged that the $1000 mentioned in that item is a part of the residuary estate disposed of by the twelfth item. That ruling was correct. The bequest of the $1000 under the third item being void, the will is to be construed as though the third item were not in it. In that event the $1000 becomes a part of the residuum.

**Void Clause: Residuary Estate.**

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.