CHESTER STANDLEY, Plaintiff-Respondent, v. CHARLES D. ALLEN, MAX HALL, Executor of the Estate of HETTIE ALLEN CATES, CLYDE CATES, JACOB SENEKER, THE FIRST NATIONAL BANK OF SARCOXIE, a Banking Corporation, and NELSON BROWN, Defendants, CHARLES D. ALLEN, Appellant.—163 S. W. (2d) 1012.

Division One, July 28, 1942.

*R. A. Mooneyham* for appellants.

*W. H. Burden* and *Emerson Foulke* for respondent.

HYDE, C.—This is an action for construction of a will and instructions concerning a trust therein created. Defendant Allen sought to have the trust declared void as too vague and indefinite and to have title adjudged in him, in fee simple, to the land (in Jasper County) involved. The court held the challenged provisions valid and entered a decree construing the will against defendant Allen's contentions; and he alone has appealed.

The will of Mary J. Allen, who died in 1931, left certain lands to her brother, defendant Allen (hereinafter referred to as defendant), appointed an executrix (her sister), gave $200.00 to a cemetery association, and provided, as follows:

"Fourth—All the balance and residue of my estate, I will to my sister, Hettie Allen Cates, if she shall survive me, to have and enjoy during her natural life, free from any claims or rights of her husband, Clyde S. Cates. I give to my sister full power to convey, sell and give away as she may see fit, including the right to will all the property herein given to her. She shall have full authority to dispose of the property to such charitable organizations as she shall deem best, and in case she shall die without having disposed of the property, then the same shall become the property of Chester Standley of Sarcoxie, Missouri, in trust, for the purpose of having him dispose of the same to some worthy charitable organization, in Missouri, to be selected by him; Provided, if at said time there shall be in Southwest Missouri, a home for aged people, I charge my trustee with the duty of transferring the said trust estate to said Institution."

Hettie Allen Cates did convey 20 acres of the land to defendant and mortgaged 80 acres to the Sarcoxie bank. The court construed the Mary J. Allen will as giving her a life estate in the land with power of disposal during her lifetime and power of appointment by will. These (inter vivos) conveyances were found to be within the power of disposal and no issue about them is raised on this appeal.

Hettie Allen Cates died in 1940 and her will as modified by a codicil (specifically disposing of her own land, by description, and her personal property both by specific designation and by bequests of definite amounts) contained a final clause, as follows:

"Third. After making the above bequests, if there is any balance in my estate I will the same to Jacob Seneker, of Sarcoxie, in trust, for him and charge him with the duty of disposing of said balance of my estate to some worthy charitable organization, in Missouri, and the preference to be given to aged people."

The construction and effect of the will and codicil of Hettie Allen Cates was raised by answer. The court in its decree construed the meaning and effect of the provisions of these wills, concerning charities, to be as follows:

"The Court further finds that said fourth paragraph of the will of Mary J. Allen conferred in effect, upon the plaintiff, Chester Standley, a power of selection, or appointment, and that by a fair construction of said will, he was vested with the power and authority to select the ultimate beneficiaries of said provision.

"The Court further finds that Hettie Allen Cates did not by her will or the codicil thereto dispose of the property which had descended to her by the will of Mary J. Allen, and that with the exception of the conveyances (to defendant and to the bank) heretofore noted in this

decree, the said Hettie Allen Cates did not make any disposition of the real estate (in which she had a life estate). . . .

"The Court therefore finds that fee simple title (to the Mary J. Allen land) is now vested in plaintiff, Chester Standley, as trustee under the will of Mary J. Allen. . . .

"The Court further finds that plaintiff, Chester Standley, as trustee, under the will of Mary J. Allen is entitled to the possession of all personal property remaining in the estate of Mary J. Allen.

"The Court further finds that the third paragraph of the codicil to the will of Hettie Allen Cates is valid, and confers upon the defendant, Jacob Seneker, the power of appointment to dispose of the property of Hettie Allen Cates not otherwise disposed of by her will, and which the said Hettie Allen Cates did not receive under and by virtue of the terms of the will of Mary J. Allen."

██ The American Law Institute, 2 Restatément of Trusts 1189, Sec. 396, states the rule to be: "A charitable trust is valid, although by the terms of the trust the trustee is authorized to apply the trust property to any charitable purpose which he may select, if the trustee is able and willing to make the selection." This was the rule early established and applied by this court in Howe v. Wilson, 91 Mo. 45, 3 S. W. 390. There it was provided that the named trustee, after the death of the testator's wife (the trust beneficiary), was "to divide said remainder among such charitable institutions of the City of St. Louis, Missouri, as he shall deem worthy." This court held this to create a valid charitable trust, saying: "If the general objects of the bequest are pointed out, or if the testator has fixed a means of doing so by the appointment of trustees with that power invested in them, then the gift must be treated as sufficiently definite for judicial cognizance, and will be carried into effect." This rule has been recognized and followed in Powell v. Hatch, 100 Mo. 592, 14 S. W. 49; Barkley v. Donnelly, 112 Mo. 561, 19 S. W. 305; Sappington v. Sappington School Fund Trustees, 123 Mo. 32, 27 S. W. 356; Buchanan v. Kennard, 234 Mo. 117, 136 S. W. 415; Sandusky v. Sandusky, 261 Mo. 351, 168 S. W. 1150; St. Louis Union Trust Co. v. Little, 320 Mo. 1058, 10 S. W. (2d) 47; Irwin v. Swinney, 44 Fed. (2d) 172; Gossett v. Swinney, 53 Fed. (2d) 772. Defendant here relies upon certain statements made in Robinson v. Crutcher, 277 Mo. 1, 209 S. W. 104; but that anomalous ██ decision (see University of Missouri Bulletin, 21 Law Series 31, for a timely criticism) has been overruled by the Court en Banc in Burrier v. Jones, 338 Mo. 679, 92 S. W. (2d) 885. Defendant also points to the proviso concerning "a home for aged people" and says this made the trust impossible of fulfilment because it was admitted at the trial that "there does exist more than one charitable organization in southwest Missouri, who maintains home for aged people, and who are capable of taking under the will." However, the reasonable construction of this clause is that it only made

provision for a preferred class of charities; and, since the trustee was given the right of selection, the will clearly meant that he should make such selection among homes for aged people in southwest Missouri operated by worthy charitable organizations if there were any in existence. We, therefore, hold that the Mary J. Allen will created a valid charitable trust; and that the trustee, who is ready and willing to fulfil his duties of selection, should proceed to do so.

The court was also correct in holding that Hettie Allen Cates did not exercise the power of appointment, given to her by her sister's will, by what was stated in the third paragraph of the codicil to her will hereinabove quoted. She provided therein for "disposing of said balance *of my estate*," only "if there is any balance in my estate" after the bequests were satisfied. (Mrs. Cates gave defendant only a life estate in her land so that there was no disposition of the remainder except by this residuary clause.) The rule stated by the American Law Institute, 3 Restatement of Property 1913, Sec. 343, is: "When the donee by his will makes a gift of the residue of his estate or otherwise manifests an intent to pass all his property, this of itself does not manifest an intent to exercise any power." [See also Topic 6, Chap. 25, Secs. 341-344.] This rule was followed in Weiss v. St. Louis Union Trust Company (Mo. App.), 142 S. W. (2d) 1103; see also 49 C. J. 1288, Secs. 122-127; 21 R. C. L. 795, Secs. 28-31; Annotations 32 A. L. R. 1395, 91 A. L. R. 453, 127 A. L. R. 257.] This residuary clause in the will of Hettie Allen Cates could not be reasonably construed to mean the remainder interest in her sister's land which she never owned, and which she did not mention. There is nothing whatever anywhere to be found in her will to refer to the power of appointment given to her by her sister's will, or to the property subject to it, or to show any intention to exercise it. She apparently only desired to create a similar charitable trust in her own property with a different trustee. Therefore, we hold that the charitable trust created by the will of Mary J. Allen was not affected by the will and codicil of Hettie Allen Cates.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.