CLIFTON G. ERVIN, Appellant, v. HARLEY DAVIS ET AL.—No. 39845.—199 S. W. (2d) 366.

Division One, January 13, 1947.

Rehearing Denied, February 10, 1947.

*Luman Spry* and *Frederic A. Culmer* for appellant.

*Wilbur F. Daniels* and *Roy D. Williams* for respondents.

954

DOUGLAS, J.—This is a suit to cancel a deed of trust and to enjoin its foreclosure. Plaintiff, Rev. Ervin, is the present preacher of the Fayette Methodist Episcopal Church, South, a voluntary, unincorporated, religious association, hereinafter referred to as the church. The deed of trust is on the church parsonage, acquired as a parsonage in 1872, and now occupied as a residence by Rev. Ervin.

Also at Fayette there is Central College, a Methodist Episcopal Church College. In 1928 the college was carrying out a building program and erected on its campus a Parish House at an approximate cost of $60,000 for the sole use of the church. Central College made a proposal to the church that it would also build on its campus a new church building to cost $125,000, in which the church would continue to exercise a perpetual right of worship, if the church would pay Central College $30,000. The proposal was accepted and the church was authorized by the Quarterly Conference of the Methodist Episcopal Church to borrow the money from the Fayette Bank. The church trustees were authorized to execute a promissory note for $8,000, to secure it by a deed of trust on the parsonage property, and to turn the note and deed of trust over to the bank as collateral security to be kept with other security for the $30,000 loan. The note and deed of trust were executed and turned over to the bank, the loan was obtained, and the money paid to Central College. Part of the loan

was repaid and a balance of $14,500 was refunded by a new loan authorized by the Quarterly Conference also to be partially secured by the same note and deed of trust on the parsonage. This loan was not repaid.

Upon advertisement of foreclosure of the deed of trust on the parsonage, plaintiff instituted this suit and obtained a temporary injunction restraining the sale. However, the chancellor found the deed of trust constituted a valid lien, dissolved the temporary injunction, and ordered foreclosure.

The parsonage was acquired by the following deed:

"This Indenture Made on the 3rd day of September, A. D. One Thousand Eight Hundred and Seventy-two by and between John T. Sears and Bettie B., his wife, of the County of Howard in the State of Missouri, parties of the first part, and Adam Hendrix, Alexander Mitchell, W. H. Nipper, J. M. Hicks and J. E. Ewing, Trustees, in trust for the uses and purposes hereinafter mentioned, all of the County of Howard in the State of Missouri, parties of the second part,

"WITNESSETH, That the said parties of the first part in consideration of the sum of Three Hundred and Fifty Dollars to them paid by the said parties of the second part, the receipt of which is hereby acknowledged, do now, by these presents grant, bargain and sell, convey and confirm unto the said parties of the second part and their successors in office (trustees in trust for uses and purposes hereinafter mentioned) the following described lots, tracts or parcels of land lying, being and situate in the County of Howard and State of Missouri, towit: All of Lot Number Thirty-one (31) and the South half of Lot Number Thirty (30) in Watts Addition to the Town of Fayette. To have and to hold the premises aforesaid with all and singular the rights, privileges, appurtenances and immunities thereto belonging or in anywise appertaining unto said parties of the second part, and unto their successors in office forever, in trust, that said premises shall be held, kept and maintained and disposed of as a place of residence for the use and occupancy of the Preachers of the Methodist Episcopal Church, South, who may from time to time be appointed in said town: the said John T. Sears and Bettie B., his wife, hereby covenanting that they are lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that they have good right to convey the same; that the said premises are free and clear of any encumbrances done or suffered by them or those under whom they claim; and that the said parties of the first part will Warrant and Defend the title to the said premises unto the said parties of the second part and unto their successors in office forever, against the lawful claims and demands of all persons whomsoever.

"IN WITNESS WHEREOF, the parties of the first part have hereunto set their hands and seals the day and year first above written.''

Rev. Ervin maintains that the deed created an independent charitable trust free from any control of the church, under which the preachers, who from time to time are assigned to the church, are the cestuis que trustent, and therefore the parsonage cannot be mortgaged to secure a loan to the church.

A gift for a religious purpose is one for a charitable purpose. Gifts for the erection and maintenance of church buildings, including a parsonage, are in general deemed charitable. 14 C. J. S., Charities, sec. 18. Harger v. Barrett, 319 Mo. 633, 5 S. W. (2d) 1100; Marr v. Galbraith (Mo. App.), 184 S. W. (2d) 190. Charitable gifts and trusts are favorites of the law, and the courts will give effect to such gifts and trusts where it is possible to do so consistently with established principles. 14 C. J. S., Charities, sec. 6. Burrier v. Jones, 338 Mo. 679, 92 S. W. (2d) 885. "Absent provisions to the contrary, a gift to a charity is forever. It is on such premises that the general rule is deduced that when lands have been donated to charity and the title is vested absolutely in trustees for charitable uses . . . they are inalienable for other purposes." Mott v. Morris, 249 Mo. 137, 155 S. W. 434; Lewis v. Brubaker, 322 Mo. 52, 14 S. W. (2d) 982.

Under these general rules if the deed created an independent charitable trust for establishing a parsonage under which the preachers owned the benefit title, Rev. Ervin's position would be well taken but we do not believe they are applicable to the situation here because no charitable trust was created. The conveyance of the property was not a gift but was the result of a commercial bargain. The deed shows by its terms the property was not transferred as a gift, but was bargained and sold for a consideration of $350.

And in some respects the deed is incomplete and ambiguous. The conditions of the trust are that the parsonage is to be "held, kept and maintained and disposed of", but there are no provisions governing its disposal. There is merely the naked unlimited power of disposal without any directions as to when or how it should be exercised or for what purpose. The question naturally arises whether the power of disposal would include the power to mortgage. Cases have interpreted such a power both ways. 65 C. J. S., Trusts, sec. 657. However, when the provision of the deed is considered together with the provisions of the Discipline of the Methodist Episcopal Church, all ambiguity vanishes.

When the language of a deed is ambiguous, the court may place itself in the position of the parties when the instrument was executed and consider the surrounding circumstances in order to ascertain the parties' intention. This consideration may include the object to be subserved, the relationship of the parties, previous agreements which the deed is to carry into effect, and the state of the law at the date of the deed. 26 C. J. S., Deeds, sec. 92.

■ In considering a trust deed it is the primary duty of the court to ascertain and effectuate the intention of the trustor. If there are two or more instruments creating, defining or relating to a trust they may be construed together. The trust need not be declared in a conveyance of property to the trustee but it can be proved by a separate writing. Stephenson v. Stephenson, 351 Mo. 8, 171 S. W. (2d) 565. A deed and a trust agreement may be construed together as parts of one transaction and as establishing the trust. Ketcham v. Miller (Mo.), 37 S. W. (2d) 635. The fundamental rule of being guided by the intention of the trustor also governs in determining who are the parties and beneficiaries of the trust, and the facts and circumstances surrounding the parties may be considered in finding out the real parties and beneficiaries.

■ This case was tried on an agreed statement of facts which is incomplete in some respects. However, from the facts in the record and from inferences which reasonably arise from them we find that the trustees named in the deed, although not specifically referred as such, were in fact the already designated trustees of the church and were acting in behalf of the church and its agents in purchasing the parsonage. It is significant and revealing that the trust clause in the deed "In trust, that said premises shall be held, kept and maintained and disposed of as a place of residence for the use and occupancy of the preachers of the Methodist Episcopal Church, South who may be appointed in said town" is identical, in part, excepting the use of the word "town" for "place", with the clause then required by the Discipline to be inserted in deeds by which parsonages were acquired. Why the balance of the required clause "subject to the usage and discipline of said Church, as from time to time authorized and declared by the General Conference of said Church, and by the Annual Conference within whose bounds the said premises are situate" was omitted from the deed we can not say and need not speculate. The various revisions of the Discipline since 1871 down to date still require the same trust clause to be inserted in deeds whereby parsonages are acquired. The Discipline also provides for the selection of trustees of parsonage and church property by the preacher in charge subject to the confirmation ■ by the Quarterly Conference, provides for their qualifications, and sets out their duties and powers.

Since the church was an unincorporated association it was compelled to hold its property by trustees. The deed does not show any gift by the grantors for a charitable purpose or indicate any intent on their part to create a charitable trust in furtherance of their own wishes. The trust clause must have been inserted at the direction of the church in observance of the requirements of the Discipline for the protection of the church.

A similar conclusion was reached in Magie v. German Evangelical Dutch Church, 13 N. J. Eq. 77. There, property purchased for $1,000 was conveyed in trust for church purposes. The court found there was no charitable trust as the trust was not created by gift or devise but the trust clause was inserted in the deed at the instance of the church for its own benefit and protection.

Since, in this case, the trustees named in the deed were the church trustees appointed to hold title to the parsonage, the members of the church are the cestuis que trustent of the property, not the preachers. The provision of the deed that the parsonage was to be used as the residence for the preachers does not thereby vest the equitable title to the property in the preachers. That is a restriction on the use of the property by the church. No doubt such restriction was required by the Discipline in compliance with constitutional demands that church property must be used for church, parsonage or cemetery purposes only, such as the one found in our Constitution of 1865. Art. I, Sec. 13.

In a case to subject a Methodist Church building to the payment of a debt this court in considering the status of the trustees of the property held that the character of the organization and the nature of the government of the Methodist Episcopal Church makes it clear that its trustees are the agents of the aggregate body of members who own the equitable title to property held by the trustees. Bushong v. Taylor, 82 Mo. 660.

It must follow that Rev. Ervin's position that the deed created an independent charitable trust in which the preachers hold the beneficial title to the parsonage cannot be sustained. If such had been the case, the conveyance would have been void under a strict provision of the constitution then in force which forbade property being held in trust for a preacher of the gospel, as such. Constitution 1865, Art. I, Sec. 13.

The resolution of the Quarterly Conference authorized the loan and authorized the "Board of Trustees of the Methodist Episcopal Church, South, of Fayette, Missouri" to execute the note and deed of trust on the parsonage. The trustees who made the deed of trust were so described in it. It is admitted the same persons are also the "successors in office" to the original trustees named in the deed by which the parsonage was acquired. The transaction was carried out as authorized by the terms and conditions of the Discipline relating to mortgaging property of the church. We hold it was a valid deed of trust and subjected the parsonage to its lien. The decision in Marr v. Galbraith (Mo. App.), 184 S. W. (2d) 190 is not apposite because in that case it was held the deed specifically created a general charitable trust.

In a previous suit brought by defendant Davis, owner of the note, against the trustees (Davis v. Holliday, 354 Mo. 10, 188 S. W.

(2d) 40), he alleged in his petition: "At the time of the procurement of said loan, as aforesaid, there was deposited as collateral a note for $8,000 and a deed of trust upon the parsonage belonging to the said Methodist Episcopal Church of Fayette, Missouri; that said mortgage was then and is now uncollectible and of no value as collateral for said loan, as aforesaid, by reason of a limitation in the deed under which said property is held; . . ." Davis' allegation that the mortgage was of no value because of a limitation in the deed to the property is not a judicial admission of a fact, but is a conclusion of law. It was questionable pleading in the previous case and certainly can not now be ▮▮▮ used to estop Davis from enforcing the deed of trust in this case. While a party cannot ordinarily assume a position on trial inconsistent with his pleadings, that rule does not extend to a position taken in a different case, with different parties, and on a different theory.

Judgment affirmed. All concur except *Conkling, J.,* not sitting because not a member of the Court when the cause was submitted.