Mabel EPPERLY, as Administratrix CTA of the Estate of Edna A. Lore, Deceased, Plaintiff,

v.

MERCANTILE TRUST AND SAVINGS BANK OF QUINCY, ILLINOIS et al., Defendants-Respondents,

and

The Attorney General, Norman H. Anderson, Defendant-Appellant.

No. 52369.

Supreme Court of Missouri, Division No. 2.

June 12, 1967.

R. Leroy Miller, Trenton, John F. Carmody, Moberly, Jack Lukehart, Brunswick, Don C. Carter, Sturgeon, for respondents.

Norman H. Anderson, Atty. Gen., Richard C. Ashby, Asst. Atty. Gen., Jefferson City, for appellant.

PRITCHARD, Commissioner.

Appellant, the Attorney General of Missouri, seeks to reverse the ruling of the trial court that a charitable trust provision in the last will and testament of Edna A. Lore, deceased, is invalid and void, and the further finding "that the same is indefinite, uncertain and so remote as not to be enforceable and practical in operation." As succinctly put in the May issue of the Missouri Bar, "Courts & CLE Bulletin," the question is: "Does a devise in trust to unspecified Protestant churches and religious organizations 'to save souls * *' create a valid, public charitable trust?"

Mrs. Lore died on September 9, 1964, leaving her will which devised the bulk of her estate, consisting of residual personal property and approximately 422.5 acres of land in Scotland County, two tracts, 10 and 80 acres, in Chariton County, a lot in Marceline, Missouri, about 40 acres of land in Randolph County, and a lot in the City of Kirksville, Missouri. The personal property was inventoried at a value of about $14,755.50, and the real estate has a value of about $39,000.00, according to the stipulation of facts by the parties.

The Mercantile Trust and Savings Bank, Quincy, Illinois, was named as trustee in the will. Other defendants are the heirs of Mrs. Lore, some of whom join with plaintiff asking for a declaratory judgment as to the validity of the trust provision under § 527.040, RSMo 1959, V.A.M.S.

The charitable trust provisions of the will are in part as follows:

"Article Third: Believing that a Higher Power has helped me to accumulate what land and property I now own, I make the following provisions: All of the rest and residue of my estate, both real, personal and mixed and wheresoever located, I give, devise and bequeath

to my Trustee, hereinafter named, IN TRUST nevertheless, to hold and manage and pay over the net income thereof as follows:

"I leave to the discretion of my Trustees the distribution of the income to Protestant churches and religious organizations but direct that the gifts be used to save souls and not to build buildings or to improve existing buildings."

Article Fourth describes the real estate owned by Mrs. Lore and in largely precatory words specifies how it and personal property shall be managed by her trustee.

Appellant says that "The court erred in finding that Articles III and IV are indefinite, uncertain and so remote as not to be enforceable and practical in operation whereas, in fact, the will creates a valid, public charitable trust dedicated to the propogation of Christianity by protestant churches and is capable of being executed by a trustee under the supervision of the court."

■ The rules regarding requisite certainty and definiteness of the provisions of public charitable trusts are variously stated. In 2 Rest. Trusts 2d, § 396, it is said, "A charitable trust is valid, although by the terms of the trust the trustee is authorized to apply the trust property to any charitable purpose which he may select and the trustee is able and willing to make the selection." This rule is followed in Missouri. In Howe v. Wilson, 91 Mo. 45, 3 S.W. 390, the will contained the provision, "If there should be a remainder after such sums are provided for after the death of my said wife, I direct said Wilson to divide said remainder among such charitable institutions of the city of St. Louis, Mo., as he shall deem worthy." At 3 S.W. 392, it is said, "[I]f the general objects of the bequest are pointed out, or if the testator has fixed a means of doing so by the appointment of trustees with that power invested in them, then the gift must be treated as sufficiently definite for judicial

cognizance, and will be carried into effect." See also Powell v. Hatch, 100 Mo. 592, 14 S.W. 49; Barkley v. Donnelly, 112 Mo. 561, 19 S.W. 305; Sappington v. Sappington School Fund Trustees, 123 Mo. 32, 27 S.W. 356; Buchanan v. Kennard, 234 Mo. 117, 136 S.W. 415, 37 L.R.A.,N.S., 993; Sandusky v. Sandusky, 261 Mo. 351, 168 S.W. 1150; St. Louis Union Trust Co. v. Little, 320 Mo. 1058, 10 S.W.2d 47; Standley v. Allen, 349 Mo. 1115, 163 S.W. 2d 1012; Gossett v. Swinney, 8 Cir., 53 F.2d 772 [affirming the Loose will decisions of Kansas City, Irwin v. Swinney (D.C., W.D., Mo.), 44 F.2d 172]. These latter cases are all cited in Altman v. McCutchen, Mo., 210 S.W.2d 63, where a trust provision which testator wanted devoted "to the charitable and other institutions devoted to alleviation of human suffering and want, which I have been devoted, and in which I am interested. I give him unlimited discretion to dispose of such proceeds * * * among those charitable institutions in such amount and proportions as he sees fit." (Loc. cit. 64.) In the Altman case, which upheld the trust provision ("nevertheless the will does state the object of the proposed charity generally, to wit, those charitable institutions devoted to the alleviation of human suffering and want), the same cases were relied upon by appellant as do respondents here: Board of Trustees of Methodist Episcopal Church, South, v. May, 201 Mo. 360, 99 S.W. 1093; Hadley v. Forsee, 203 Mo. 418, 101 S.W. 59, 14 L.R.A.,N.S., 49; and Jones v. Patterson, 271 Mo. 1, 195 S.W. 1004. In St. Louis Union Trust Company v. Little, 320 Mo. 1058, 10 S.W.2d 47, the May, Forsee and Patterson cases were again relied upon as authority for declaring the trust provision invalid. The quote is made therefrom in the Altman case: " 'While the foregoing Missouri decisions do not, in our opinion, sustain appellants' contention, yet there are decisions in this state which clearly uphold the validity of the trust in question. * * * In the instant case the testatrix appointed a trustee who was able

and willing to accept and discharge the responsibility of the trust. The objects are designated with certainty and constitute a definite class, to wit, "poor, homeless children." Under the Missouri authorities cited, this is a valid charitable trust, and the chancellor did not err in so holding.'" (210 S.W.2d at page 67)

Jones v. Patterson, supra, relied upon heavily by respondents, was not followed in the Altman case or in Gossett v. Swinney, supra. It has been distinguished many times, and in Carlock v. Ladies Cemetery Association, Mo., 317 S.W.2d 432, the court quoted from that case (loc. cit. 195 S.W. 1005 [4]), " 'Notwithstanding the permissibility of a general declaration, if the charity does not by its own terms fix itself on a well-defined object or is not susceptible of such interpretation by the courts, but is general and indefinite, it must fail.'" The court then critically stated, "It has been considered Jones v. Patterson may have misapplied the law. Irwin v. Swinney, D.C., 44 F.2d 172, 183, affirmed Gossett v. Swinney, 8 Cir., 53 F.2d 772, 782; 2 A Bogert, Trusts and Trustees, 76 § 371, nn. 79–81." The court in Gossett v. Swinney, supra, loc. cit. 53 F.2d 783, said, "With respect to the charge that this bequest is too general and indefinite, the ruling in Jones v. Patterson, and the dictum in Wentura v. Kinnerk, are expressly bottomed upon a misapprehension of the holding in Morice v. Bishop of Durham, supra." (9 Vesey, Jr.Ch.R. 399, 403, " 'But this doctrine does not hold good with regard to trusts for charity. Every other trust must have a definite object. There must be somebody in whose favor the Court can decree performance. But it is now settled, upon authority which it is too late to controvert, that where a charitable purpose is expressed, however general, the bequest shall not fail on account of the uncertainty of the object; but the particular mode of application will be directed by the King in some cases, in others by this court.'" [Loc. cit. 53 F.2d 782])

Where, as here, a trust provision gives to the trustee discretion in applying the trust property to the specified charitable purpose, the rules in Jones v. Patterson, supra, and other cases cited by respondents, should not be followed. Although there is conflict in the decisions, the weight of authority is that a charitable trust such as this trust is valid. Annotations, 22 A.L.R. 697 and 115 A.L.R. 1135, covering trusts for religious purposes; 163 A.L.R. 784, "Charitable Gifts-Definiteness"; 168 A.L.R. 1350, "Charitable Gift-Discretion of Trustee"; Rest. Trusts 2d § 396; Bogert, Trusts and Trustees, 2nd Ed., § 376, p. 130 et seq. The class of religious organizations is here sufficiently certain: Protestant churches and religious organizations to be selected in the discretion of trustees. When so selected by the exercise of the trustee's discretion, such class will become fixed and definite, and certainly the purpose "to save souls" is that of Protestant religious organizations and is charitable, Glidewell v. Glidewell, 360 Mo. 713, 230 S.W.2d 752. The objects of the trust are uncertain—i. e., innumerable persons who may be benefitted. Such is an essential requisite of a charitable gift. 14 C.J.S. Charities §§ 38, 39, pp. 473, 474; Buckley v. Monck, Mo., 187 S.W. 31, 33 [1]. While a court of equity cannot undertake to specify what Protestant churches are to be selected, it may compel the trustee to exercise that discretion, and may restrain a diversion or threatened diversion from the religious purpose, and enforce its orders by removal of the trustee. 14 C.J.S. Charities § 49, p. 508; Sandusky v. Sandusky, supra, loc. cit. 177 S.W. 394 [3]; Howe v. Wilson, supra.

Although the matter is not here raised, it is noted that the named trustee in Mrs. Lore's will is a foreign corporation which is incapable of receiving the trust property under § 456.120, RSMo 1959, V. A.M.S. There is nothing in Mrs. Lore's will indicating an intention that her named trustee only administer the trust. The court may appoint a qualified Missouri

trustee, able and willing to act, to take, hold and administer the real and personal property of the trust. Rest. Trusts 2d, § 397; Carlock v. Ladies Cemetery Association, supra, loc. cit. 317 S.W.2d 440 [5]; Buckley v. Monck, supra.

Article Fourth of Mrs. Lore's will is:

"It is my desire that my Trustees shall not sell any of my real estate (except the lot in Kirksville, Missouri, if they desire) but shall operate as I have done during my lifetime. I *devise* that they should hire a farm laborer and allow him to live in the tenant house and operate the farm or farms. As near as possible, all of my machinery of which I may die the owner should be kept and used. If my Trustees desire, I would like for them to have Clayton Ely, Edina, Missouri, and Mabel Epperly, Clifton Hill, Missouri, to help them look after the property in Knox and Scotland County, Missouri. If possible the income from the farms should be kept in the Citizens Bank of Edina, Missouri. I prefer the Trustee to keep a hired hand on the above described property, or if that cannot be done, that the land be rented out on a share crop basis. I prefer that the Trustee keep cattle, hogs and sheep and have them managed either by the farm hand or if that is not possible, that they be kept on a share basis. Nothing herein contained, shall be construed to compel my Trustee to distribute all of the net income when received as I direct that my Trustee shall accumulate funds so that it would not be necessary to borrow to operate the farms. In the event it is necessary to rent the land and keep the cattle, hogs and sheep on a share crop basis, they are not to have as a tenant any person who owns land adjoining mine. My Trustee shall not sell my Mitchell car nor the farm machinery previously owned by my husband or my father, but may sell or trade my machinery if necessary. In that regard, the Trustee shall not sell my machinery or any of the livestock at public sale on any of the above real estate. In choosing a farm hand or tenant farmer, my Trustee shall choose some person who is not mean to livestock.

"If my Trustee is desirous, they may have Will Richeson assist them in the management of the land in Chariton and Linn County, Missouri and the house in Marceline, Missouri. If possible, I desire that the income from these properties be placed in the Bank of Rothville, Rothville, Missouri. Further, if my Trustees desire, they may have Mabel Epperly assist them in the Management of the land in Randolph County, Missouri.

"If any of the persons mentioned above assist the Trustee in the management of the real estate, they are to be paid a reasonable amount for their services and if they cannot serve, then the Trustee may find a substitute and pay the substitute a reasonable amount for his or her services."

■ Article Fourth is not a condition upon the absolute grant of her estate made to her trustee. See Triplett v. Triplett, 332 Mo. 870, 60 S.W.2d 13, 16 [6, 7], "When an estate in fee is granted by a deed or will, such an estate cannot be cut down to a lesser estate by a repugnant provision. To do so, the subsequent clause must be equally as clear as the granting clause, so that all clauses in the deed can be harmonized." See also Clark v. Ferguson, 346 Mo. 933, 144 S.W.2d 116, 118 [6–8]. The precatory provisions of Article Fourth are merely limitations as to control and management of the trust, distinguished from either conditions precedent or subsequent, and which afford grounds for a court of equity, upon petition, to enforce proper administration thereof. See 14 C. J.S. Charities § 44, p. 497.

■■ The rule against perpetuities has no application to a public charitable trust such as this. Newton v. Newton Burial Park, 326 Mo. 901, 34 S.W.2d 118, 121

[5, 6]; Ervin v. Davis, 355 Mo. 951, 199 S.W.2d 366, 368 [1, 3]. "'Absent provisions to the contrary, a gift to a charity is forever. It is on such premises that the general rule is deduced that when lands have been donated to charity and the title is vested absolutely in trustees for charitable uses * * * they are inalienable for other purposes.'" So also with an alleged invalid restraint upon alienation, Lackland v. Walker, 151 Mo. 210, 52 S.W. 414, 426. Upon no asserted grounds, or specified by the trial court, is this trust invalid.

The judgment is reversed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.